UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| ROBERT CASTLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 23-004-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL AKERS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Robert Castle has filed a petition for a writ of habeas corpus, seeking to vacate his state court convictions for sexual abuse and sodomy, alleging ineffective assistance of trial counsel. [Record No. 1] But Respondent Warden Daniel Akers asserts that Castle's petition is untimely. The matter was referred to United States Magistrate Judge Matthew A. Stinnett for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On August 18, 2023, United States Magistrate Judge Stinnett issued a Recommended Disposition, recommending that Castle's petition be denied as untimely. [Record No. 18]

While the Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the undersigned has conducted a *de novo* review of the matter and agrees that Castle's petition should be dismissed as untimely.

I.

Castle pleaded guilty to multiple counts of sexual abuse and sodomy in the Johnson Circuit Court after the Commonwealth's attorney agreed to recommend a twenty-year sentence. [Record No. 12-7] The state court entered the judgment sentencing Castle to twenty years on December 18, 2017. [Record No. 12-10] On August 28, 2019, Castle filed a motion with that court seeking an order to compel his trial attorney, Garland Arnett, to produce his complete case file. [Record No. 12-11] Castle received his file on November 16, 2019. [Record No. 1-1]

After discovering that the file contained a fifteen-year plea offer from the Commonwealth (dated February 23, 2017), Castle sought post-conviction relief under Ky. R. Crim. P. 60.02(e), alleging ineffective assistance of counsel based on a claim that Arnett failed to inform him of the February 2017 plea offer. [Record No. 12-15] During an evidentiary hearing in Johnson Circuit Court, Arnett testified that he did not share the plea offer with Castle because he recognized a discrepancy with the charges and determined that the offer was invalid on its face. [Record No. 12-20] Arnett confirmed this suspicion when he contacted the Commonwealth attorney's office and was informed the plea offer contained a sentencing error. The Johnson Circuit Court accepted Arnett's version of the facts and denied Castle's request for post-conviction relief, concluding that Castle was not denied effective assistance of counsel. [Record No. 12-24]

Castle timely appealed the court's order. The Court of Appeals of Kentucky, however, affirmed the lower court's decision, finding that Castle could not demonstrate ineffective assistance of counsel through Arnett's non-delivery of a patently defective plea offer. [Record

No. 12-22] Castle moved for discretionary review of that decision by the Supreme Court of Kentucky, but review was denied on September 14, 2022. [Record No. 12-26]

## II.

Before reaching the merits of Castle's claim, this Court must first determine whether the claim was filed within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This period begins to run from the latest of one of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Castle argues that the limitations period began to run on November 16, 2019 (the date he received his case file containing the nondisclosed plea offer from February 2017). The state court record supports this assertion, and the respondent offers no evidence to the contrary. As such, this Court concludes that the statute of limitations for Castle's § 2254 petition commenced on November 16, 2019.

The statute of limitations was tolled when Castle filed his post-conviction motion in state court. Warden Akers asserts that July 27, 2020 (the date the motion was properly filed in state court), should be used in calculating the number of days that had run since discovery on

November 16, 2019.  Castle contends that the Court should instead use July 13, 2020 (a date that reflects his signing of the motion, plus three days for mailing).  In accordance with Sixth Circuit precedent, the Court considers Castle's post-conviction motion filed on July 27, 2020, because that is the day it was "properly filed" according to Kentucky law.  *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *see also Boulder v. Chandler*, Civil Action No. 5:21-CV-314-CHB, 2023 U.S. Dist. LEXIS 45219, at *5 (E.D. Ky. Mar. 17, 2023) (denying § 2254 as untimely because timeliness of post-conviction motion is governed by state statute) (citing *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003)).  Because this Court must defer to the date Kentucky courts recognize Castle's motion as being filed, the statute of limitations ran for 254 days between November 16, 2019, and July 27, 2020.

Once Castle's petition for discretionary review by the Kentucky Supreme Court was denied on September 14, 2022, the statute of limitations again began to run.  *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000).  And it ran for an additional 118 days until January 10, 2023, when Castle signed his § 2254 petition.  Exclusive of the above tolled periods of time, Castle filed § 2254 petition 372 days **after** the statute of limitations began to run, or seven days beyond the limitations period.

Further, Castle is not entitled to equitable tolling under the circumstances presented.  To be entitled to equitable tolling, Castle bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  The undersigned shares the magistrate judge's determination that Castle has not proved he was diligent in pursuing his rights for purposes of equitable tolling.  The significant delay in seeking his case file, in addition to the 254-day delay in filing his state

post-conviction motion, leads this Court to conclude that Castle failed to demonstrate diligence as required. As a result, Castle is not entitled to equitable tolling and the Court need not assess the merits of his untimely petition.

"When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [Certificate of Appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the denial of Castle's § 2254 petition as untimely, he is not entitled to a Certificate of Appealability.

Accordingly, it is hereby **ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Matthew A. Stinnett [Record No. 18] is **ADOPTED** and **INCORPORATED** here by reference.

2. Castle's petition for a writ of habeas corpus is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated: September 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky