UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| ROBERT CASTLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 23-004-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL AKERS, Warden, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Robert Castle moves the Court to vacate its Order entered October 26, 2023, which granted his motion to appeal *in forma pauperis* but required that he to pay the entire filing fee pursuant to 28 U.S.C. § 1915(b). [Record No. 35] While Castle will not be required to pay the filing fee in full, he is still required to pay a portion of the appellate filing fee amounting to $57.28.

Castle cites to this Court when noting that "the filing fee provisions of the Prison Litigation Reform Act, 28 U.S.C. §1915(a)(2), (b), do not apply to habeas corpus proceedings." *Romo v. United States*, No. 14-cr-021, 2018 WL 9880437, at *1 (E.D. Ky. Nov. 15, 2018).[1] While Castle is correct, he cites to a decision issued prior to the Sixth Circuit's holding in *Samarripa v. Ormond*, 917 F.3d 515 (6th Cir. 2019), which has since shaped this Court's analysis.

---

[1] Castle's filing [Record No. 35] identifies this case by the case number "6:26-cv-00049." While the associated civil case number is "6:16-cv-00049," Castle's submission accurately reflects the case number as it appears on the Order.

- 1 -

While *Samarripa* addressed appellate filing fees under 28 U.S.C. § 2241, this Court relied on the Sixth Circuit's reasoning when it concluded that indigent habeas petitioners may also be required to pay part of their appellate filing fee in cases brought under 28 U.S.C. § 2254. *Greer v. Smith*, No. 16-cv-338, 2019 WL 2062949, at *1 (E.D. Ky. May 9, 2019).

"[A]ny court of the United States *may authorize* the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, *without prepayment of fees* or security therefor." 28 U.S.C. § 1915(a)(1) (emphasis added). This Court has held that the permissive language does not prohibit courts from requiring indigent petitioners to pay a portion of the appellate filing fee. *Greer*, 2019 WL 2062949, at *1. Many petitioners, including Castle, have sufficient funds to cover some, but not all, of the appellate filing fee. And requiring a small portion of the filing fee may discourage petitioners from filing frivolous habeas appeals. Further, "[a] scheme where courts may impose partial filing fees in habeas cases brought under Section 2241 but not cases brought under Section 2254 would be illogical." *Id.* at *2.

While 28 U.S.C. § 1915(b)(1) does not apply to habeas appeals, *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997), the Eastern District of Kentucky has determined that the partial payment scheme outlined therein serves as an objective and consistent guide for the Court to use when imposing a partial payment in full satisfaction of the appellate filing fee.

The fee for docketing a case on appeal in the United States Court of Appeals for the Sixth Circuit is $505.00. *See* 28 U.S.C. §§ 1913, 1917. Petitioner Castle has provided the Court with a Certificate of Inmate Accounts, notarized and dated October 17, 2023, verifying that the six-month average balance in his inmate accounts is $286.43. [Record No. 33] He has also provided a monthly income statement for the most recent six-month period, which

demonstrates that his monthly average income and monthly average balance are the same.

Upon review of Petitioner Castle's financial disclosures, the undersigned finds that requiring Castle to pay the $505.00 appellate filing fee would be unduly burdensome. However, consistent with § 1915(a)(1), the Sixth Circuit's holding in *Samarripa*, and this Court's determination in *Greer*, the undersigned finds that Petitioner Castle has sufficient funds to pay a portion of the fee. To determine the amount Petitioner Castle must pay, the Court uses the payment scheme outlined in 28 U.S.C. § 1915(b)(1):

> [t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Based on the verified accounting information provided by Petitioner Castle, he will be required to pay $57.28 in full satisfaction of the appellate filing fee. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Castle's motion to vacate [Record No. 35] is **GRANTED**. The Order entered October 26, 2023 [Record No. 34] is **VACATED**.

2. Petitioner Castle's reinstated renewed motion for leave to appeal *in forma pauperis*, docketed as an attachment to a Certificate of Inmate Accounts [Record No. 33], is **GRANTED**. Within **28 days**, Castle must pay **$57.28** to the Clerk of the Court in full satisfaction of the appellate filing fee.

3. The Clerk of the Court is directed to send a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

Dated: November 7, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky